United States District Court
Southern District of Texas
**ENTERED**
December 30, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| YOLANDA D. SHOFFEITT, Plaintiff | § § § | |
| v. | § § | Civil Action No. 1:19-cv-156 |
| WAL-MART STORES TEXAS, LLC, Store No. 0595, Et Al., Defendants | § § § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of the "Opposed Rule 12(B)(6) Motion to Dismiss" (hereinafter, "Motion to Dismiss") filed by Defendant Wal-Mart Stores Texas, LLC (hereinafter, "Wal-Mart"). Dkt. No. 5. Pro se Plaintiff Yolanda D. Shoffeitt has also filed a Motion to Remand. Dkt. No. 15. For the reasons provided below, it is recommended that the Court: (1) **DENY** Plaintiff's Motion to Remand; (2) **GRANT** Wal-Mart's Motion to Dismiss; and (3) **DIRECT** the Clerk of the Court to close this case.

### I. Jurisdiction

The Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332.

### II. Background

Plaintiff initiated this action by filing her Original Petition in County Court at Law No. 5, Cameron County, Texas, on July 2, 2019. Dkt. No. 1-1 at 1. Plaintiff's

1/11

Original Petition states that, on or about August 27, 2017, Defendant John Doe hit her while she was traveling in an electric wheelchair to Wal-Mart's front door from the parking lot. *Id.* at 2. Plaintiff contends that this was a "hit and run," and that Wal-Mart "did not provide any security" or "cameras to help in [her] plight." *Id.* Plaintiff asserts that she had to ask a "total stranger to take her to the hospital." *Id.* Aside from claiming that she suffered mental and physical injuries, Plaintiff provides no other facts in support of her claims. With respect to her causes of action, Plaintiff states only that she "brings her causes of action pursuant to the Texas Transportation Code, assault, battery, negligence, negligence per se, gross negligence and violation of a duty to an invitee and duty to make premises safe." *Id.* (errors in original).

Wal-Mart filed a Notice of Removal removing Plaintiff's civil action to this Court on August 14, 2019. Dkt. No. 1. Wal-Mart's Notice of Removal states that this Court has original jurisdiction under 28 U.S.C. § 1332 because the parties are completely diverse and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. *Id.* at 2. On September 16, 2019, Wal-Mart filed its Motion to Dismiss, arguing that dismissal is proper under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 5. Almost a month later, on October 7, 2019, Plaintiff filed her Motion to Remand. Dkt. No. 15. Plaintiff argues that the parties are not diverse; therefore, this Court lacks diversity jurisdiction. *Id.* at 2.

Wal-Mart filed a timely Response to Plaintiff's Motion to Remand on October 7, 2019. Dkt. No. 16. In addition to reasserting its position that the Court possesses federal diversity jurisdiction over this action, Defendant contends that Plaintiff's

Motion to Remand may be denied because it was not timely filed. *Id.* at 2. Plaintiff has not filed a response to Defendant's Motion to Dismiss.

### III. Legal Standards

**A. Federal Jurisdiction**. The party removing an action bears the burden of establishing that federal jurisdiction is present. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). All doubts concerning whether removal jurisdiction is proper must be resolved in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Pursuant to 28 U.S.C. § 1332, a federal court will not have diversity subject matter jurisdiction unless: (1) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and (2) complete diversity of citizenship is present between the parties. 28 U.S.C. § 1332. When determining whether diversity jurisdiction exists, a court may not consider the citizenship of a party with a fictious name such as John Doe. *See* 28 U.S.C.A. § 1441(b)(1)("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *Vaillancourt v. PNC Bank, Nat'l Ass'n*, 771 F.3d 843, 848 n.38 (5th Cir. 2014) (noting that the name John Doe is a fictious name that need not be considered when determining diversity jurisdiction); *Weaver v. Metro. Life Ins. Co.*, No. 18-10517, 2019 WL 4564573, at *3 (5th Cir. Sept. 20, 2019) (same).

**B. FED. R. CIV. P. Rule 12(6).** Dismissal is appropriate under Rule 12(b)(6) if the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12 (b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678-80 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a). *Richter v. Nationstar Mortgage, LLC*, Civil Action No. H–17–2021, 2017 WL 4155477, at *1 (S.D. Tex., 2017). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To withstand a Rule 12(b)(6) challenge, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. 544, 570. This means that a complaint, taken as a whole, "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory[.]" *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984) (internal quotation marks omitted; emphasis and omission in original)).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544, 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 2944 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* Although the Supreme Court in *Twombly* stressed that it did not impose a probability standard at the pleading stage, an allegation of a mere possibility of relief does not satisfy the threshold requirement of Rule 8(a)(2) that the "plain statement" of a claim include factual "allegations plausibly suggesting (not merely consistent with)" an entitlement to relief. *Id.* at 557. A court need not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions[.]" *Plotkin v. IP Axess, Inc.*, 407

F.3d 690, 696 (5th Cir. 2005) (citing *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).

## IV. Discussion

**A. Plaintiff's Motion to Remand.** Plaintiff's Motion to Remand is less than two pages long and only one paragraph discusses this Court's diversity jurisdiction. Dkt. No. 15 at 2. With respect to that jurisdiction, Plaintiff merely states:

> The parties are not divers. 28 U.S.C. § 1332(a) *Henderson v. Wash. Nat'l Ins. Co.*, 454 F. 3d 1278, 1281 (11th Cir. 2006). Several Defendants are citizen of Texas. Even though the parties are divers several Defendants are local Defendants and citizens of the state, where the State suit filed. 28 U.S.C. § 1441 (b).

*Id.* (errors in original). This paragraph is somewhat confusing because Plaintiff has only named Wal-Mart and "John Doe" as defendants. Dkt. No. 1-1 at 1.

Wal-Mart contends that the Court may not consider the citizenship of an unnamed party, such as "John Doe," when determining whether diversity of citizenship is present. Dkt. No. 16 at 2-3. Wal-Mart is correct. *See* 28 U.S.C.A. § 1441(a) (stating that, for purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded."); *Vaillancourt v. PNC Bank, Nat'l Ass'n*, 771 F.3d 843, 848 n.38 (noting that the name John Doe is a fictious name that need not be considered when determining diversity jurisdiction); *Weaver v. Metro. Life Ins. Co.*, No. 18-10517, 2019 WL 4564573, at *3 (same).

Because John Doe's citizenship may not be considered, Wal-Mart contends that complete diversity exists between the parties. Dkt. No. 16 at 4. Defendant asserts

that Plaintiff is a citizen of Texas, domiciled in Cameron County, Texas. Dkt. No. 27 at 2, ¶ 13. Plaintiff lists a Cameron County address and has verified that she is a citizen of Texas who has lived here all her life. Dkt. No. 28 at 1. Defendant adds that it is not a citizen of Texas, and is instead a citizen of Delaware and Arkansas. Dkt. No. 27 at 2, ¶ 11. The signed, sworn affidavit of Wal-Mart's Senior Associate General Counsel, Geoffrey W. Edwards, supports this claim. *Id.* Defendant has met its burden. The Court finds that the parties are completely diverse.

With respect to the amount in controversy requirement, Plaintiff's Original Petition seeks $100,000.00 in monetary damages in addition to exemplary damages. Dkt. No. 1-1 at 1, 3. "There is no question that punitive or exemplary damages are included in calculating the amount in controversy." *Bates v. Laminack*, 938 F. Supp. 2d 649, 655 (S.D. Tex. 2013) (citing *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240–41 (1943); *Dow Agrosciences LLC v. Bates*, 332 F.3d 323, 326 n. 3 (5th Cir. 2003), *vacated on other grounds*, 544 U.S. 431, 125 S.Ct. 1788, 161 L.Ed.2d 687 (2005)). Plaintiff has not shown that she has properly limited the amount of damages she would accept to an amount at or below $75,000.00, exclusive of interests and costs. *See Theriot v. Transamerica Life Ins. Co.*, 354 F. Supp. 3d 713, 720 (E.D. Tex. 2017) ("[I]n Texas, where state law does not prohibit an award of damages in excess of the amount sought in a state court petition, "'[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case . . . later filings [are] irrelevant.'") (citations omitted). Accordingly, as the amount in controversy in this case exceeds $75,000.00, exclusive of interests and costs, the amount in controversy requirement of 28 U.S.C. § 1332(a)

has been met. This Court has federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff's Motion to Remand lacks merit and should be denied.[1]

**B. Wal-Mart's Motion to Dismiss.** Defendant filed its Motion to Dismiss on September 16, 2019. Dkt. No. 5. Plaintiff had until October 7, 2019, to file a response to Defendant's Motion to Dismiss. *See* Rule 7.3 of the Local Rules of the United States District Court for the Southern District of Texas ("Opposed motions will be submitted to the judge 21 days from filing without notice from the clerk and without appearance by counsel."). She has not done so, or otherwise contradicted the factual allegations made in Defendant's Motion. A failure to respond to a motion in this District is construed as "a representation of no opposition." Rule 7.4 of the Local Rules of the United States District Court for the Southern District of Texas. Despite this Rule, the Court must still determine whether Defendant has met its burden under Rule 12(b)(6) before dismissing Plaintiff's case. *See Guidry v. Wells Fargo Bank, N.A.*, No. 4:16-cv-2618, 2017 WL 58845, at *1 (S.D. Tex. Jan. 4, 2017)("[F]ailure to oppose the motion is not in itself grounds for granting the motion. *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012). The court must assess the legal sufficiency of the complaint to determine whether dismissal is warranted. *Id.*").

Plaintiff's Original Petition lists her causes of action in one sentence. Dkt. No. 1-1 at 2. Specifically, she states that she is bringing "her causes of action pursuant

---

[1] As Plaintiff did not file her Motion to Remand within 30 days of Wal-Mart's removal, her Motion to Remand may also be denied as untimely. *See* 28 U.S.C. §1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).").

to the Texas Transportation Code, assault, battery, negligence, negligence per se, gross negligence and violation of a duty to an invitee and duty to make premises safe." *Id.* (errors in original). The facts Plaintiff provides in support of her claims are similarly limited. As noted above, she states that, on or about August 27, 2017, Defendant John Doe hit her while she was traveling in an electric wheelchair to Wal-Mart's front door from the parking lot. *Id.* at 2. She contends that this was a "hit and run," and that Wal-Mart did not provide cameras or other forms of security to help her. *Id.* Plaintiff adds that she was forced to ask a stranger to take her to the hospital. *Id.* Her Original Petition provides no other facts in support of her claim, except to assert that she has suffered mental and physical injuries. *Id.*[2]

Plaintiff does not specify how Wal-Mart violated the Texas Transportation Code, nor does she specify which section of the Code she is relying upon. Similarly, she does not specify how Wal-Mart has battered or assaulted her, nor has she pleaded facts against Wal-Mart stating a claim of battery or assault under Texas law. Presumably, her intent was to bring these claims against John Doe, rather than Wal-Mart, as she alleges that she was hit by John Doe. Regardless, Plaintiff has not stated a claim for relief against Wal-Mart for assault, battery, or for violations of the Texas

---

[2] Since filing her Original Petition, Plaintiff has provided some additional factual information. *See* Dkt. No. 11 (containing Plaintiff's "Response to Defendant's Request for Admissions"). Nevertheless, as discussed below, the additional facts she provides do not alter the conclusions and recommendations contained in this Report.

Transportation Code. Her battery, assault and Texas Transportation Code claims should be dismissed.[3]

To prevail on a claim for premises liability against a defendant, a plaintiff must show: (1) actual or constructive knowledge of some condition on the premises by the owner/operator; (2) that the condition posed an unreasonable risk of harm; (3) that the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and, (4) that the owner/operator's failure to use such care proximately caused the plaintiff's injuries. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). Plaintiff has not pleaded any of the prima facie elements of a premises liability claim. She has also failed to plead facts in support of the elements. Plaintiff does assert that she may have been able to get out of the way, if "the cart would have functioned properly," but she does not explain this statement in any way. Dkt. No. 11 at 4, ¶ 19. Standing alone, or in conjunction with her Original Petition allegations, this statement does not remedy Plaintiff's failure to plead a premises liability claim. Her premises liability claim should be dismissed.

To state a claim for negligence, negligence per se, and gross negligence under Texas law, a plaintiff must allege the existence of a duty and a breach of that duty. *See IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004) ("The elements of a negligence cause of action are the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach."); *Nowzaradan v. Ryans*, 347 S.W.3d 734, 739 (Tex. App.—Houston [14th Dist.] 2011,

---

[3] Plaintiff has failed to identify or timely serve John Doe. *See* FED. R. CIV. P. 4(m) (providing that a defendant must be served within 90 days after the complaint is filed). Thus, her claims against John Doe are also subject to dismissal and do not prevent the closing of this case.

no pet.) ("[E]xcepting certain worker's compensation cases, it is well established that a finding of ordinary negligence is a prerequisite to a finding of gross negligence."); *Thomas v. Uzoka*, 290 S.W.3d 437, 445 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) ("Negligence per se is not a separate cause of action that exists independently of a common-law negligence cause of action. . . . Rather, negligence per se is merely one method of proving a breach of duty, a requisite element of any negligence cause of action."). Further, to assert a claim of negligence per se, a plaintiff must allege the violation of a statute. *Bryant v. CIT Grp./Consumer Fin.*, No. CV H-16-1840, 2018 WL 1740075, at *6 (S.D. Tex. Apr. 11, 2018) (citing *Smith v. Merritt*, 940 S.W.2d 602, 607 (Tex. 1997)).

Plaintiff has not alleged facts indicating that Wal-Mart had a duty to prevent a third party from striking her in its designated cross walk,[4] or absconding after the accident. Plaintiff has also failed to allege facts indicating that Wal-Mart acted or failed to act in any way that would constitute a breach of a duty owed to Plaintiff. At best, Plaintiff implies that Wal-Mart had a duty to bring her to the hospital after the accident occurred. Dkt. No. 1-1 at 2. Even presuming this were true, Plaintiff does not claim that she asked Wal-Mart personnel to bring her to the hospital, and she also states that she did not report the incident to Wal-Mart's personnel until August 4, 2018. Dkt. No. 11 at 4. Plaintiff has failed to allege facts indicating that Wal-Mart breached a duty owed to her, or that her injuries were caused by such a breach. She

---

[4] Plaintiff admits that she was hit while "inside a designated cross walk in front of the store." Dkt. No. 11 at 4, ¶ 16.

has also failed to identify a statute violated by Wal-Mart. Her claims for negligence, gross negligence, and negligence per se should be dismissed.

## V. Recommendation

For the foregoing reasons, it is recommended that the Court: (1) **DENY** Plaintiff's Motion to Remand; (2) **GRANT** Defendant's Motion to Dismiss; and (3) **DIRECT** the Clerk of the Court to close this case.

## VI. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

SIGNED on this 30th day of December, 2019.

Ignacio Torteya, III
United States Magistrate Judge